PMH 03-225 3-6-06

UNITED STATES DISTRICT COURT
FEDERAL DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELLEN M.CUOMO | : | |
| | : | |
| VS. | : | C.A. No.: |
| | : | |
| UNITED STATES OF AMERICA FOR THE UNITED STATES POSTAL SERVICE | : | |

# COMPLAINT

***Parties and Jurisdiction***

1) Plaintiff, Ellen M. Cuomo, is an individual residing in Charlestown, Rhode Island.

2) Defendant, United States Postal Service (hereinafter "USPS") is a federal agency of the United States of America.

3) At all times relevant hereto, the USPS was engaged in the business of distributing mail and maintaining the United States Post Office in Charlestown, Rhode Island.

4) The law of the place of the tort governs personal injury actions under the Federal Tort Claims Act (hereinafter called "FTCA"), 28 U.S.C.S. § 1346 (b)(1). Therefore, Rhode Island law of negligence will govern the determination of negligence by Federal Postal Service Employees.

5) Venue lies only in the district where the plaintiff resides or where the act or omission at issue occurred. 28 U.S.C. § 1402(b). Since this incident occurred in Charlestown, Rhode Island, the United States District Court, Federal District of Rhode Island is the proper venue.

*6)* The USPS has the authority to settle any claim for money damages against the United States of America for injury caused by negligence of any employee of the Agency while acting within the scope of their employment. 28 U.S.C.S. §§ 2671 et seq.

*7)* Because this suit arises out of the negligence of an Agency employee who was acting within the scope of his/her employment, the United States of America is liable and substituted as the defendant. 28 U.S.C. § 2679(d)(2).

*8)* Prior to the filing of the instant complaint Plaintiff complied with the procedural requirements of the FTCA by presenting an administrative claim to the United States Postal Service. 28 U.S.C.S. § 2675.

*9)* A tort claim against the United States shall be forever barred unless there is notice of final denial of the claim by the Agency to which it was presented. 28 U.S.C.S. § 2401

*10)* Specifically, Plaintiff filed a claim with the U.S.P.S. District Tort Claims Office on March 5, 2005 on Standard form 95 (Form OMB No. 1105-008 with Attached Exhibit "A"). The U.S.P.S denied the claim, Plaintiff requested reconsideration, to date the U.S.P.S. has not accepted liability for the claim.

*11)* This Honorable Court has jurisdiction over the Defendant, 28 U.S.C. § 1346(b), and subject matter jurisdiction over the allegations contained in this Complaint, pursuant to the Federal Tort Claims Act 28 U.S.C.S. § 2671-2680.

***Count I***

***Negligence***

12) On or about March 5, 2003, approximately 7:25 a.m. while in exercise of due care, Plaintiff was exiting her car to enter the Post Office located at 3970 Old Post Road, Charlestown, Rhode Island 02813.

13) At that time and place, Plaintiff slipped and fell on untreated ice not otherwise visible in the parking area of the Post Office while exiting her car.

14) At all relevant times hereto, defendant USPS operated and was responsible for maintaining the property where plaintiff injured herself.

15) Defendant had a duty of care to maintain the premises in such a manner so as not to cause harm to, or jeopardize the safety of persons using said common area. The public regularly used such common area, and the public was invited to so use such common area.

16) At that time and place, Defendant maintained said common area in a negligent and careless manner and otherwise negligently allowed a dangerous condition to exist. The failure to act and exercise the degree of care for the safety of another person that a reasonably prudent person would ordinarily have exercised in the same or similar circumstance resulted in a breach of duty owed to Plaintiff.

17) This failure to act and exercise the appropriate degree of care to Plaintiff resulted in the dangerous and unsafe condition that caused Plaintiff to slip and fall, resulting in serious injury to Plaintiff.

18) As a direct and proximate result of Defendant's negligence as aforesaid, Plaintiff suffered personal injuries, some of which may be permanent in nature, and Plaintiff has and will continue to suffer great pain of body and mind, and has and will be required to spend great sums of money for medical payments and treatments, and other losses, including but not limited to loss of wages and has been prevented from enjoying and engaging in her regular activities.

**WHEREFORE,** Plaintiff, Ellen M. Cuomo, demands judgment against Defendant for compensatory damages, plus interest, costs, attorney's fees and such other relief as this Court deems just under the circumstances.

***Plaintiff demands a trial by jury in all issues so triable.***

Plaintiff,
By Her Attorney,

Daniel P. McKiernan, Esquire (#4705)
***McKiernan Thompson & Millea***
243 North Main Street
Providence, RI 02903
Tel: (401) 223-1400
Fax: (401) 223-1401 (fax)