IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELLEN M. CUOMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. NO. 06-102ML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

The United States of America, defendant, by and through its undersigned attorneys, hereby answers plaintiff's Complaint as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

All injuries and damages alleged by plaintiff were sustained without any negligence, fault, or want of care on the part of defendant.

### THIRD DEFENSE

All injuries alleged by plaintiff as giving rise to this action were caused by the negligence or failure to exercise due care on the part of plaintiff.

### FOURTH DEFENSE

In the event defendant is found to be negligent, which negligence defendant denies, the negligence of plaintiff contributed to causing the alleged injuries and any recovery must be proportionally reduced.

**FIFTH DEFENSE**

Plaintiff's damages, if any proven, are limited to the amount claimed in the administrative claim pursuant to 28 U.S.C. § 2675(b).

**SIXTH DEFENSE**

Plaintiff has no right to a jury trial in this action. 28 U.S.C. § 2402.

**SEVENTH DEFENSE**

Plaintiff cannot recover attorneys' fees from the United States Postal Service. 28 U.S.C. § 2412(d)(1)(A).

**EIGHTH DEFENSE**

Plaintiff is proscribed from recovering any amount for pre-judgment interest against the defendant. 28 U.S.C. § 2674.

**NINTH DEFENSE**

Defendant hereby reserves the right to plead all other affirmative defenses or any applicable state and federal statutes which through discovery or otherwise it learns may be applicable.

**TENTH DEFENSE**

As to the specific allegations set forth in plaintiff's complaint, defendant pleads as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's Complaint and, therefore, denies the same.

2. Defendant admits that the United States Postal Service ("USPS") is an

independent establishment of the Executive Branch of the Federal government, but denies the remaining allegations in contained in paragraph 2 of plaintiff's Complaint.

3. Defendant admits that the USPS leased property from which it operated the Charlestown, Rhode Island Post Office. The remaining allegations call for a legal conclusion to which no response is required. To the extent the Court deems the remaining allegations to contain statements of fact which must be answered, those allegations are denied.

4. The allegations in paragraph 4 of plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent the Court deems the allegations in paragraph 4 to contain statements of fact which must be answered, those allegations are denied.

5. The allegations in paragraph 5 of plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent the Court deems the allegations in paragraph 5 to contain statements of fact which must be answered, those allegations are admitted.

6. The allegations in paragraph 6 of plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent the Court deems the allegations in paragraph 6 to contain statements of fact which must be answered, those allegations are denied.

7. The allegations in paragraph 7 of plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent the Court deems the allegations in paragraph 7 to contain statements of fact which must be answered, those allegations are denied.

8. Defendant admits that plaintiff filed an administrative claim on March 7, 2005, which was denied on September 5, 2005, and that plaintiff filed her Complaint on March 6, 2006. The remaining allegations in paragraph 8 of plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent the Court deems the remaining

allegations in paragraph 8 to contain statements of fact which must be answered, those allegations are denied.

9. The allegations in paragraph 9 of plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent the Court deems the allegations in paragraph 9 to contain statements of fact which must be answered, those allegations are admitted.

10. Defendant admits that plaintiff filed an administrative claim on March 7, 2005, which was denied on September 5, 2005, and that plaintiff filed her Complaint on March 6, 2006, but denies the remaining allegations contained in paragraph 10 of plaintiff's Complaint.

11. The allegations in paragraph 11 of plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent the Court deems the allegations in paragraph 11 to contain statements of fact which must be answered, those allegations are denied.

**COUNT I**

12. Defendant admits that on or about March 5, 2003, Plaintiff fell at the Charlestown, Rhode Island Post Office, but denies the remaining allegations of paragraph 12 of plaintiff's Complaint.

13. Defendant admits that on or about March 5, 2003, Plaintiff claims to have fallen on ice at the Charlestown, Rhode Island Post Office, but denies the remaining allegations of paragraph 13 of plaintiff's Complaint.

14. The allegations contained in paragraph 14 of plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent the Court deems the allegations in paragraph 14 to contain statements of fact which must be answered, those allegations are denied.

15. The allegations contained in paragraph 15 of plaintiff's Complaint call for a legal

conclusion to which no response is required. To the extent the Court deems the allegations in paragraph 15 to contain statements of fact which must be answered, those allegations are denied.

16. Defendant denies the allegations contained in paragraph 16 of plaintiff's Complaint.

17. Defendant denies the allegations contained in paragraph 17 of plaintiff's Complaint.

18. Defendant denies the allegations contained in paragraph 18 of plaintiff's Complaint.

**WHEREFORE**, having fully answered the Complaint, defendant prays that plaintiff's request for relief be denied, her Complaint dismissed, and that judgment be awarded in favor of defendant, together with costs and such other and further relief as the Court deems appropriate.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

OF COUNSEL:
Ruth A. Przybeck, Esq.
United States Postal Service
Law Department
P.O. Box 66640
St. Louis, MO 63166-6640

**CERTIFICATION OF SERVICE**

I hereby certify that on the 12th day of June, 2006, I forwarded a copy of Defendant's Answer, by postage prepaid mail, to Daniel P. McKiernan, Esq., McKIERNAN, THOMPSON, MILLEA, 243 North Main Street, Providence, RI 02903

Nancy A. DeQuinzio